## FREY vs. BOYLAN and wife.

1. Bill for specific performance of a parol contract to convey lands. No contract proved.

2. A married woman having released her dower by joining in a conveyance made by her husband to B, cannot demand her dower against A, who becomes seized of the lands by a title superior to that of B. Her dower once extinguished cannot be revived.

Argued on final hearing upon bill, answer, replication, and proofs.

*Mr. Hill,* for complainant.

*Mr. Boylan, pro se.*

THE CHANCELLOR.

The complainant asks for a decree to compel the defendants to execute a deed to him in specific performance of a parol contract, alleged to have been made by the defendant, James H. Boylan, with him. The defendants, by their answer, responsive to the statement in the bill, deny that there was any parol contract made by Boylan, or any one for him, to convey the lands in question. There is no proof of it, even by the complainant himself. Boylan and one Harriott owned adjoining tracts, subject to the same encumbrances created by their common grantor. Harriott negotiated with the complainant for the sale of both tracts for the price of $3400, but without any authority from Boylan, and Boylan had no negotiation with the complainant. He was not willing

to sell at that price, and at first disagreed to the sale made by Harriott, but at last consented that a deed might be made to Harriott by the sheriff for his part. The sheriff had sold this part under a judgment against Boylan's grantor prior to the conveyance to Boylan, and he had bid off the property at the sheriff's sale, but had not taken the deed. The complainant agreed to accept, and did accept the sheriff's deed for Boylan's part, in fulfillment of the parol contract with Harriott, and paid to Harriott the $3400, and Harriott paid to Boylan his share of the excess of this amount above the encumbrances. Boylan, who is an attorney-at-law, told Harriott that the sheriff's deed was as good a title as a deed from him, and that it was a better title, as it cut off all encumbrances.

There was clearly no parol contract to convey. He consented that his bid at the sheriff's sale might be transferred to the complainant, so as to enable Harriott to carry out his arrangement. The complainant agreed to accept this as a fulfillment of the contract. Boylan did not act as his counsel or legal adviser, and stood in no confidential relations with him, and complainant acted at his own peril in relying on Boylan's opinion or representation as to the sheriff's deed. No fraud is shown. Boylan swears that it was, and is still his opinion.

But there does not appear to be any title left in Boylan to convey. It nowhere appears that the wife of Walsh, the grantor of Boylan, was his wife at the date of the judgment, or that she is now living; both these facts are necessary to create any cloud on the title. Besides, Mrs. Walsh, by joining in the deed to Boylan, extinguished and barred her right to dower. She can never claim it, nor can any one in her name or as her assignee; the first section of the dower act, and the fourth section of the act respecting conveyances, must be regarded as settling that question. No one can claim, as assignee, a right that is barred or extinguished.